## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHARIFF BUTLER and
JEREMY MELVIN,

        Plaintiffs,

    v.

KEVIN KAUFFMAN, *et al.*,

        Defendants.

No. 4:19-CV-2171

(Chief Judge Brann)

## MEMORANDUM OPINION AND ORDER

### APRIL 15, 2022

Before the Court are four motions filed by Plaintiffs Shariff Butler and Jeremy Melvin: two motions for reconsideration,[1] one motion to stay the case,[2] and one motion for extension of time to file a reply brief.[3]  I will grant the motion for extension of time and consider Plaintiffs' proposed reply brief on its merits, but I will otherwise deny the motions.  My reasoning is provided below.

## I.    RELEVANT PROCEDURAL HISTORY

On February 9, 2022, I issued an omnibus Order denying seven motions filed by Plaintiffs, three of which sought sanctions against the Defendants, two of which sought to compel discovery, and two of which sought to extend the deadline

---

[1]    Docs. 108, 110.
[2]    Doc. 107.
[3]    Doc. 111.

for the parties to complete discovery.[4]  I concluded, *inter alia*, that Plaintiffs'

January 7, 2022 motion for sanctions[5] was properly denied because the motion

sought sanctions based on Defendants' purported failure to respond to discovery

requests but Defendants had asserted that they had responded to the requests and

provided documentation to support that assertion and Plaintiffs had not responded

to the assertion through the filing of a reply brief or any other filing.[6]

Following the issuance of the omnibus Order, Plaintiffs moved for an

extension of time to file a reply brief in support of their January 7, 2022 motion for

sanctions.[7]  I denied the motion for extension of time as moot on February 22,

2022, noting that the motion for sanctions had already been denied and that

Plaintiffs had not sought reconsideration of that denial.[8]

Plaintiffs filed the instant motions on February 28, 2022, and March 7,

2022.[9]  Plaintiffs' motions for reconsideration seek reconsideration of the denial of

all seven motions that were denied in my February 9, 2022 omnibus Order as well

as reconsideration of my February 22, 2022 Order denying the motion for

extension of time to file a reply brief.[10]  Plaintiffs' motion for extension of time is

essentially a continuation of their reconsideration arguments, as it includes

---

[4]   Doc. 102.
[5]   Doc. 92.
[6]   *Id.* at 6-7.
[7]   Doc. 103.
[8]   Doc. 104.
[9]   Docs. 107-08, 110-11.
[10]  Docs. 108, 110.

Plaintiffs' proposed reply brief in support of their January 7, 2022 motion for sanctions and asks that I deem the reply brief timely filed.[11]  Finally, Plaintiffs' motion to stay seeks to stay the case until 45 days after I have resolved the motions for reconsideration and motion for extension of time.[12]  I will address Plaintiffs' arguments below.  Because Plaintiffs' reconsideration and extension arguments occasionally bleed into one another and because Plaintiffs seek reconsideration of an omnibus Order that itself addressed seven separate motions, I will structure my analysis based on the original motions for which Plaintiffs seek reconsideration.

## II.    STANDARD OF REVIEW

To properly support a motion for reconsideration, a party must demonstrate "at least one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."[13]  In reviewing for clear error, reconsideration is warranted only if the "[C]ourt is left with the definite and firm conviction that a mistake has been committed."[14]  Thus, to warrant reconsideration, the moving party "must show more than mere disagreement with the earlier ruling" and must show that the court "committed a direct, obvious, or observable error, and one that is of at least some

---

[11]   Doc. 111.
[12]   Doc. 107.
[13]   *In re Vehicle Carrier Servs. Antitrust Litig.*, 846 F.3d 71, 87 (3d Cir. 2017) (cleaned up).
[14]   *Prusky v. ReliaStar Life Ins. Co.*, 532 F.3d 252, 258 (3d Cir. 2008) (internal quotation marks omitted).

importance to the larger proceedings."[15]  Motions for reconsideration "cannot be used to reargue issues that the court has already considered and disposed of."[16] Additionally, a motion for reconsideration "may not be used to present a new legal theory for the first time" or "to raise new arguments that could have been made in support of the original motion."[17]

## III.  DISCUSSION

### A.    October 27, 2021 Motion for Sanctions

Plaintiffs' October 27, 2021 motion for sanctions sought to sanction Defendants for conduct by Defendants' counsel during Plaintiff Butler's deposition.  Specifically, Plaintiffs sought sanctions because counsel did not allow Butler to state objections to the deposition on the record and because counsel cut off the video call connecting the parties for the deposition before Butler had an opportunity to ask the stenographer about how he could receive a copy of the deposition.[18]  I denied the motion because Plaintiffs did not state what objections Butler would have placed on the record and because there was no indication that Plaintiffs had suffered any prejudice as a result of counsel's alleged action in cutting off the video call.[19]

---

[15]  *In re Energy Future Holdings Corp.*, 904 F.3d 298, 312 (3d Cir. 2018) (cleaned up).

[16]  *McSparren v. Pennsylvania*, 289 F. Supp. 3d 616, 621 (M.D. Pa. 2018) (citing *Blanchard v. Gallick*, No. 1:09-CV-01875, 2011 WL 1878226 at *1 (M.D. Pa. May 17, 2011)).

[17]  *MMG Ins. Co. v. Guiro, Inc.*, 432 F. Supp. 3d 471, 474 (M.D. PA. 2020) (citing *Vaidya Xerox Corp.*, No. 97-CV-00547, 1997 WL 732464, *2 (E.D. Pa. Nov. 25, 1997)).

[18]  Doc. 77.

[19]  Doc. 102 at 2-3.

Plaintiffs seek reconsideration because counsel's actions impeded Butler from "objecting to anything, no matter his reasoning."[20]  Plaintiffs argue that Butler "was never given the opportunity to object in order for counsel to find out exactly what objection was the deponent Butler trying to place on the record regardless of whether objection was prudent or not.  Counsel would have to first hear the objection to know if it was permissible or not."[21]

I will deny this request for reconsideration.  Plaintiffs state that counsel impeded Butler from objecting to the deposition but again fail to state what objections Butler would have placed on the record if he had been allowed to object.  Thus, their argument amounts to nothing more than a request that I review the same argument and reach a different result, which is not a proper basis for reconsideration.[22]

## B.    December 22, 2021 Motion to Compel Discovery

Plaintiffs' December 22, 2021 motion to compel discovery sought to compel discovery of documents and things that Plaintiffs had requested from Defendant Kauffman.[23]  I denied the motion because Plaintiffs acknowledged that the requested discovery materials had never been maintained or controlled by Kauffman and because Plaintiffs had not shown that the requested discovery was

---

[20]   Doc. 108 at 3 (emphasis omitted).
[21]   *Id.* at 3-4.
[22]   *See McSparren*, 289 F. Supp. 3d at 621.
[23]   Doc. 86.

relevant to their claims.[24]  Plaintiffs seek reconsideration based on additional arguments as to how the discovery was actually in Kauffman's control and as to why it was relevant to Plaintiffs' claims.[25]  All of these arguments could have been raised in support of Plaintiffs' original motion to compel discovery but were not.  I will accordingly deny reconsideration.[26]

### C.     January 2, 2022 Motion to Compel Discovery

Plaintiffs' January 2, 2022 motion to compel discovery sought to compel a response to Plaintiffs' interrogatory that asked how long SCI-Huntingdon had used a lock and key system for its cells.[27]  I denied the motion, finding that the requested information was not relevant to Plaintiffs' claims.[28]

Plaintiffs argue that reconsideration is appropriate because I purportedly overlooked a portion of their original motion to compel discovery.  According to Plaintiffs, their motion sought to compel responses to two interrogatories, one of which asked how long SCI-Huntingdon had used a lock and key system for its cells, the other of which asked how long SCI-Huntingdon had operated without a master/universal locking system for its cells.[29]  Plaintiffs argue that I failed to address their argument regarding the second interrogatory pertaining to the absence

---

[24]   Doc. 102 at 3-4.
[25]   Doc. 108 at 4-6.
[26]   *See MMG Ins. Co.*, 432 F. Supp. 3d at 474.
[27]   Doc. 88.
[28]   Doc. 102 at 4.
[29]   Doc. 108 at 6.

of a master/universal locking system.[30]  They also argue that I erred in finding that

the information requested about the prison's lock and key system was not relevant.

To the extent that Plaintiffs base their request for reconsideration on my

purported failure to consider their interrogatory regarding the master/universal

locking system, they are mistaken.  Although Plaintiffs did send an interrogatory to

Defendant Bilger regarding the presence or absence of a master/universal locking

system in the prison, their motion to compel discovery made clear that they were

seeking to compel a response only as to the interrogatory regarding the lock and

key system.[31]  Furthermore, their argument that I erred in my relevance ruling

amounts to nothing more than a disagreement with my ruling, which is not a

sufficient basis for reconsideration.  Accordingly, I will deny this request for

reconsideration.

### D.    January 3, 2022 Motion for Sanctions

Plaintiffs' January 3, 2022 motion for sanctions sought sanctions based on

Defendants' purported failure to provide correct information about Defendant

Ewell's job title.[32]   Plaintiffs asserted that when Defendants' counsel first entered

an appearance on Defendants' behalf, he identified Defendant Ewell's job title as

"food maintenance manager" but that when Defendant Ewell responded to

---

[30]  *Id.* at 7.

[31]  *See* Doc. 88 ¶ 14 ("Defendants Bilger, Harris, Walters and Ewell all objected to the same Interrogatory question presented by Plaintiffs with the same exact objection response. . . .");
*Id.* ¶ 15 ("Plaintiffs allege that . . . the Interrogatory question that is of question herein is relevant to the Plaintiffs claims within their Original Complaint.").

[32]  Doc. 89.

7

Plaintiffs' interrogatories, he corrected his job title to "facility maintenance

manager."[33]  Plaintiffs noted that counsel referred to Defendant Ewell's job title

erroneously several times during the litigation but "never once supplemented nor

corrected this incorrect disclosure or response."[34]  This action by Defendants'

counsel, Plaintiffs argued, prevented them from presenting interrogatories to

Defendant Ewell that were tailored to his specific job title.[35]  They asserted that

counsel's actions violated the initial disclosure requirements under Federal Rule of

Civil Procedure 26(a) as well as the duty to correct disclosures and responses under

Rule 26(e)(1)(A).[36]

I denied the motion, noting that the case was exempt from Rule 26(a)'s

initial disclosure requirements and that even if the disclosure requirements did

apply, Defendants had still complied with Rule 26 because they "provided an

incorrect job title for Defendant Ewell and subsequently corrected the job title,"

which was "exactly what Rule 26 requires."[37]

Plaintiffs argue that reconsideration is appropriate because their original

motion asserted violations of both Rule 26(a) and Rule 26(e)(1)(A).[38]  Plaintiffs

assert that even if Defendants did not have an obligation to correct the incorrect

information under Rule 26(a), they were still required to do so under Rule

---

[33]  *Id.* at 3.
[34]  *Id.* at 4.
[35]  *Id.* at 4-5.
[36]  *Id.* at 3.
[37]  Doc. 102 at 6.
[38]  Doc. 108 at 10.

26(e)(1)(A).[39]   Thus, Plaintiffs argue, "even if it is said that the interrogatory response by Defendants, by way of Defendant Ewell, corrected the previously incorrect job title description of Defendant Ewell, neither Defendants' counsel nor Defendant Kaufman . . . corrected or supplemented their response to Plaintiffs' Production of Document discovery request."[40]

Plaintiffs are correct that Rule 26(e)(1)(A) would require Defendants to correct any inaccuracies in their interrogatory responses.  Rule 26(e)(1)(A) states:

> A party who has made a disclosure under Rule 26(a)--or who has responded to an interrogatory, request for production, or request for admission--must supplement or correct its disclosure or response:
>
> > **(A)** in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing . . . .[41]

Plaintiffs are also correct that my February 9, 2022 omnibus Order did not specifically address whether Defendants had complied with Rule 26(e)(1)(A).[42]  It does not follow, however, that reconsideration or sanctions are warranted, as a review of the record indicates that Defendants did comply with Rule 26(e)(1)(A).  Under the rule, a party who had responded to an interrogatory must supplement or correct its response "if the party learns that in some material respect the disclosure

---

[39]   *Id.*
[40]   *Id.*
[41]   Fed. R. Civ. P. 26(e)(1)(A).
[42]   *See* Doc. 102 at 6.

or response is incomplete or incorrect, *and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing*."[43]  Here, the record reflects that Defendants' counsel provided Defendant Ewell's correct job title to Plaintiffs to correct the inaccurate information counsel had earlier provided.  Rule 26 does not require a party to provide a separate correction to an interrogatory response when the correct information has "otherwise been made known to the other parties during the discovery process or in writing."[44]  That is exactly what occurred in this case, so sanctions are not warranted and reconsideration will be denied.

### E.    January 7, 2022 Motion for Sanctions

Plaintiffs' January 7, 2022 motion for sanctions asserted that Defendants failed to respond to several interrogatories and requests for production of documents.[45]  Defendants asserted in response that they did respond to these discovery requests and included documentation to support their assertion.[46]  Because Plaintiffs had not responded to the Defendants' assertion through the filing of a reply brief or any other document at the time I issued the omnibus Order, I denied the motion for sanctions.[47]  Plaintiffs subsequently moved for an extension of time to file a reply brief,[48] but I denied the motion as moot because

---

[43]  Fed. R. Civ. P. 26(e)(1)(A) (emphasis added).
[44]  *Id.*
[45]  Doc. 92.
[46]  Doc. 98.
[47]  Doc. 102 at 6-7.
[48]  Doc. 103.

the motion for sanctions had already been denied and Plaintiffs had not, at that point, moved for reconsideration.[49]

Plaintiffs now argue that I should reconsider the denial of the motion for extension of time, deem their proposed reply brief timely filed, consider the reply brief on its merits, and, based on the information and argument provided in the reply brief, reconsider the denial of their underlying motion for sanctions.[50]  Their argument for extension of time is that due to mailing delays they did not receive Defendants' brief in opposition to the motion for sanctions until February 4, 2022, which was the deadline for them to submit the reply brief under the Local Rules.[51]

I will grant Plaintiffs' motion for extension of time and consider the reply brief in support of their motion for sanctions on its merits in conjunction with their request for reconsideration, as it appears that Plaintiffs' failure to file a timely reply brief was based on circumstances that were out of their control.  I accordingly turn my attention to the arguments raised in Plaintiffs' reply brief.

Plaintiffs argue that contrary to Defendants' assertion, Plaintiffs did not receive the Defendants' interrogatory responses prior to the Defendants' filing of their brief in opposition to the motion for sanctions.[52]  Plaintiffs argue that Defendants' statement that they provided the interrogatory responses to Plaintiffs

---

[49] Doc. 104.
[50] *See* Doc. 108 at 12; Docs. 110-11.
[51] Doc. 111 at 1-2.
[52] *Id.* at 4.

is not sufficient, as Defendants "must provide proof and/or tangible evidence to

support their allegations which they have not done."[53]  Plaintiffs acknowledge that

Defendants attached the interrogatory responses to their brief in opposition to the

motion for sanctions and that Defendants' counsel stated that he checked with the

prison and confirmed that the prison received the responses on October 26, 2021,

but argue that this is not sufficient "proof" to support Defendants' contention.[54]  "If

this is defendants and counsel's truth," Plaintiffs wonder, "then where is a copy of

an attached 'log-in sheet' for these said interrogatory responses confirming these

dates or any documentation or material evidence to substantiate said mail delivery

to Plaintiffs."[55]  Plaintiffs further wonder why Defendants did not provide "an

affidavit and/or declaration from the staff member who delivered said interrogatory

responses to the Plaintiffs."[56]  Thus, "Plaintiffs question Defense counsel's

assertion that said responses were initially sent at all, let alone on the dates that

counsel cited."[57]

Plaintiffs' assertion that there is no documentation showing that the

Defendants' interrogatory responses were provided to Plaintiffs is simply incorrect.

Defendants included copies of the responses as attachments to their brief, which

included certificates of service in which Defendants' counsel certified that he

---

[53]  *Id.* at 4.
[54]  *Id.*
[55]  *Id.*
[56]  *Id.*
[57]  *Id.* at 4-5.

caused the responses to be served on Plaintiffs on October 20, 2021 and November 3, 2021.[58]  This certification, made by an officer of the court, provides documentary evidence that the responses were provided to Plaintiffs in a timely manner.  Although Plaintiffs may wish that Defendants would provide more "proof" that the responses were sent to Plaintiffs, Defendants are not required to prove anything with respect to Plaintiffs' motion for sanctions or motion for reconsideration.  The Plaintiffs, as the moving party, bear the burden of showing that the requested relief is warranted.[59]  They cannot simply lob accusations of dishonesty at an officer of the court and then wait for the officer to prove them wrong.  Plaintiffs have not shown that sanctions or reconsideration are warranted.  Accordingly, I will deny their motion.

F.    **Motion to Stay**

Finally, I will address Plaintiffs' motion to stay, which seeks to stay the case until 45 days after resolution of Plaintiffs' motions for reconsideration and motion for extension of time.[60]  Plaintiffs' request for a stay is based on their assertion that COVID-19 restrictions in the prison and limited law library resources make it difficult for them to quickly complete tasks necessary to conduct this litigation. Because I have resolved the motions for sanctions and the motion for extension of

---

[58]  *See* Doc. 98-1 at 13; 98-2 at 14.

[59]  *See Schaffer ex rel. Schaffer v. Weast*, 546 U.S. 49, 56 (2005) (noting that party seeking court action generally bears the burden to justify the request).

[60]  Doc. 107.

time, however, the only motion that is currently pending before the Court is

Defendants' motion for summary judgment.  By separate Order, I have already

granted Plaintiffs an extension of time to file a brief in opposition to the motion for

summary judgment, allowing them until May 4, 2022 to do so.  It therefore does

not appear that a stay is necessary or warranted given that I have already granted

Plaintiffs ample time to respond to the motion for summary judgment.

Accordingly, I will deny the motion to stay.

## IV.    CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1.    Plaintiffs' motion for extension of time (Doc. 111) is **GRANTED.**

Plaintiffs' proposed reply brief is deemed timely filed.

2.    Plaintiffs' motion to stay and motions for reconsideration (Docs. 107,

108, 110) are **DENIED**.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge