IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHARIFF BUTLER and JEREMEY MELVIN, | No. 4:19-CV-02171 |
| Plaintiffs, | (Chief Judge Brann) |
| v. | |
| KEVIN KAUFFMAN, *et al.*, | |
| Defendants. | |

### MEMORANDUM OPINION

**MARCH 22, 2023**

In this prisoner civil rights case, *pro se* Plaintiffs Shariff Butler ("Butler") and Jeremey Melvin ("Melvin"), who are incarcerated in the State Correctional Institution-Huntingdon ("SCI-Huntingdon"), have alleged various civil rights violations by SCI-Huntingdon officials. After over three years of litigation and numerous opinions and orders, the case has been narrowed to a single remaining claim of retaliation by Butler against Defendants Kauffman, Reed, and Emigh. I indicated an intention to *sua sponte* grant summary judgment to Defendants as to this claim and directed Butler to produce all evidence that he had in support of the claim. Upon review of the submitted evidence, and for the reasons that follow, I will grant summary judgment on the remaining claim and close this case.

I.      BACKGROUND

Plaintiffs initiated this case through the filing of a complaint under 42 U.S.C. § 1983 on December 15, 2019, which the Court received and docketed on December 20, 2019.[1]  The complaint raises civil rights claims arising from (1) SCI-Huntingdon's purported refusal to grant Plaintiffs single-cell status, (2) SCI-Huntingdon's alleged failure to mitigate fire safety risks, (3) SCI-Huntingdon's alleged denial of recreation time and time in the prison yard, (4) SCI-Huntingdon's allegedly inadequate ventilation system, (5) alleged overcrowding and understaffing in SCI-Huntingdon, (6) an alleged infestation of vermin in SCI-Huntingdon, and (7) alleged retaliation against Plaintiff Butler.[2]  The complaint raises claims for violation of the First and Eighth Amendments as well as state law claims for breach of contract and "breach of duty."[3]

I dismissed the complaint in part on September 2, 2020.[4]  Specifically, I dismissed all claims against Defendants Wetzel, Moore, Smeal, Roberts, Kashmere, Bickell, Wenerowicz, Varner, Moore, Oliver, Thomas, Brumbaugh, Eberling, Harker, and Barr for Plaintiffs' failure to allege their personal involvement and dismissed Plaintiffs' claims relating to Butler's single-cell status as untimely.[5]  I otherwise allowed the complaint to proceed and ordered service of

---

1   Doc. 1.
2   *Id.*
3   *Id.*
4   Doc. 18.
5   *Id.*

process as to the remaining Defendants. Plaintiffs appealed my partial dismissal order to the United States Court of Appeals for the Third Circuit.[6] The Third Circuit dismissed the appeal for lack of appellate jurisdiction on February 23, 2021.[7] Defendants then answered the complaint on May 7, 2021.[8]

Plaintiffs filed an amended complaint without leave of court or Defendants' consent on August 2, 2021.[9] I struck the amended complaint from the record for Plaintiffs' failure to comply with Federal Rule of Civil Procedure 15 on September 20, 2021.[10] Defendants moved for summary judgment on January 20, 2022, after the close of discovery.[11]

I granted the motion for summary judgment as to all claims and Defendants with the exception of Butler's retaliatory cell search claim against Defendants Kauffman, Reed, and Emigh on July 27, 2022.[12] In doing so, I announced my intention to consider granting summary judgment to the remaining Defendants as to this claim because it appeared that the complaint failed to state a retaliatory cell search claim upon which relief could be granted and because there did not appear to be any evidence of a causal connection between Butler's allegedly protected

---

[6] Doc. 23.
[7] Doc. 31.
[8] Doc. 38.   .
[9] Doc. 42.
[10] Doc. 64.
[11] Doc. 94.
[12] Docs. 134-35.

conduct and Defendants' allegedly retaliatory actions.[13]  I directed Butler to submit all evidence that he had in support of his retaliatory cell search claim.[14]  Butler timely responded and submitted evidence to the Court on August 26, 2022.[15]

Plaintiffs appealed my summary judgment ruling as to the other claims on August 24, 2022.[16]  The Third Circuit dismissed the appeal for lack of appellate jurisdiction on January 4, 2023.[17]  In light of the dismissal of this appeal, I now turn to the issue of whether summary judgment should be granted as to the remaining claim *sua sponte*.  The issue is ripe for review.

## II.  STANDARD OF REVIEW

Summary judgment is appropriate where there is no genuine dispute as to any material fact and the defendants are entitled to judgment as a matter of law.[18]  "Facts that could alter the outcome are 'material facts,' and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct."[19]

"The inquiry involved in a ruling on a motion for summary judgment or for a directed verdict necessarily implicates the substantive evidentiary standard of

---

[13] *See* Doc. 134 at 26; Doc. 135 at 2.
[14] *Id.*
[15] Doc. 141.
[16] Doc. 137.
[17] Doc. 151.
[18] Fed. R. Civ. P. 56(a).
[19] *Clark v. Modern Grp. Ltd.*, 9 F.3d 321, 326 (3d Cir. 1993) (first citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); and then citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

proof that would apply at the trial on the merits."[20]  "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."[21]  "The judge's inquiry, therefore unavoidably asks . . . 'whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed."[22]  The evidentiary record at trial, by rule, will typically never surpass that which was compiled during the course of discovery.

Parties opposing summary judgment "may not rest upon mere allegations, but rather must 'identify those facts of record which would contradict the facts identified by the movant."[23]  Moreover, "if a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed."[24]  In considering whether to grant summary judgment, "the court need consider only the cited materials, but it may consider other materials in the record."[25]

Finally, "at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."[26]  "There is no issue for trial unless there

---

[20] *Anderson*, 477 U.S. at 252.
[21] *Id.*
[22] *Id.* (quoting *Schuylkill & Dauphin Imp. Co. v. Munson*, 81 U.S. 442, 447 (1871)).
[23] *Port Auth. of N.Y. & N.J. v. Affiliated FM Ins. Co.*, 311 F.3d 226, 233 (3d Cir. 2003).
[24] Fed. R. Civ. P. 56(e)(2).
[25] Fed. R. Civ. P. 56(c)(3).
[26] *Anderson*, 477 U.S. at 249.

is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."[27] "If the evidence is merely colorable . . . or is not significantly probative, summary judgment may be granted."[28]

### III.   MATERIAL FACTS

Butler has been incarcerated in SCI-Huntingdon since 2003.[29] According to the allegations in Plaintiffs' complaint, he was washing his clothes in his cell on May 16, 2019, when Defendants Reed and Emigh, who were both employed as correctional officers in the prison, approached him and announced that they were going to search the cell.[30] Reed and Emigh then allegedly entered the cell, tossed Butler's legal papers around, and confiscated several documents from the cell.[31] They also allegedly searched Butler's cellmate's possessions and confiscated a bottle of prescription medication belonging to the cellmate.[32] The complaint alleges that this search was not random and was conducted in retaliation for Butler filing grievances against prison officials.[33] Butler filed a grievance about the search on June 6, 2019.[34] He pursued the grievance through all stages of the DOC's administrative review process, but was denied relief.[35]

---

[27]   *Id.*
[28]   *Id.* at 249-50 (internal citations omitted).
[29]   Doc. 95 ¶ 3; Doc. 123 ¶ 3.
[30]   Doc. 1 ¶¶ 160-62.
[31]   *Id.* ¶ 164.
[32]   *Id.* ¶ 165.
[33]   *Id.* ¶ 168.
[34]   Doc. 10-3 at 26.
[35]   *Id.* at 26-37.

In response to my Order directing Butler to produce all evidence that supported his retaliatory cell search claim, Butler asserts that his filing of a grievance establishes a causal connection because there was a close temporal proximity between his filing of the grievance and Defendant Kauffman denying the grievance.[36] Butler also asserts that retaliation and causation are established by Defendants Emigh and Reed targeting his legal materials during the search.[37] Butler additionally argues that surveillance footage of the search would support his claim and asks the Court to conduct an *in camera* review of the footage.[38] Finally, Butler states it can be "inferred" that Kauffman sent Emigh and Reed to conduct the search based on the fact that Kauffman denied Butler's grievance.[39]

## IV.   ANALYSIS

Butler's remaining retaliatory cell search claim is brought under 42 U.S.C. § 1983, which provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983.

---

[36]   Doc. 141 at 2.
[37]   *Id.* at 3-4.
[38]   *Id.* at 6-7.
[39]   *Id.* at 9.

"To establish a claim under 42 U.S.C. § 1983, [a plaintiff] must demonstrate a violation of a right secured by the Constitution and the laws of the United States [and] that the alleged deprivation was committed by a person acting under color of state law."[40]  "The first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'"[41]

A plaintiff alleging retaliation under 42 U.S.C. § 1983 must establish that (1) he engaged in constitutionally protected conduct; (2) the defendant took retaliatory action against the plaintiff that was sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) there was a causal connection between the plaintiff's protected conduct and the defendant's retaliatory action.[42]  Causation may be established by showing either an unusually suggestive temporal proximity between the plaintiff's protected conduct and the defendant's allegedly retaliatory action or a pattern of antagonism coupled with timing.[43]  Causation may also be implied by "the record as a whole."[44]

I will grant Defendants summary judgment as to the remaining retaliatory cell search claim.  Butler relies on the temporal proximity between him filing

---

[40] *Moore v. Tartler*, 986 F.2d 682, 685 (3d Cir. 1993).
[41] *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998)).
[42] *Javitz v. Cty. of Luzerne*, 940 F.3d 858, 863 (3d Cir. 2019).
[43] *Dondero v. Lower Milford Twp.*, 5 F.4th 355, 361-62 (3d Cir. 2021) (citing *Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007)).
[44] *Id.* (citing *DeFlaminis*, 480 F.3d at 267).

grievances and Defendants Reed and Emigh searching his cell to establish a causal connection, but there is no allegation in the complaint nor evidence in the record that Reed and Emigh personally knew about Butler's grievances when they conducted the search.  Plaintiffs cannot establish a causal connection between protected conducted and allegedly retaliatory actions "without some evidence that the individuals responsible for the adverse action knew of the plaintiff's protected conduct at the time they acted."[45]  Temporal proximity alone "does not establish that the adverse actor had knowledge of the protected conduct before acting."[46] Butler's unsupported speculation that it can be "inferred" that Kauffman directed Reed and Emigh to search his cell based on Kauffman denying Butler's grievance[47] is "mere speculation" that is not sufficient to survive summary judgment.[48]

The retaliatory cell search claim also fails to the extent that it is based on a freestanding claim of retaliatory action by Defendant Kauffman.  The only action alleged by Kauffman is that he denied Butler's grievance.  "The denial of grievances is not an adverse action for retaliation purposes."[49]

Finally, I will deny Butler's request for *in camera* review of surveillance footage.  Butler does not explain how the footage could establish that Defendants

---

[45] *Daniels v. Sch. Dist. of Phila.*, 776 F.3d 181, 196 (3d Cir. 2015).
[46] *Id.* at 197.
[47] *See* Doc. 141 at 9.
[48] *See Daniels*, 776 F.3d at 197 (noting that "Daniels cannot justifiably rely on mere speculation that these adverse actors learned of her complaints from other employees in the school district" to establish that the adverse actors had knowledge of her protected activity).
[49] *Owens v. Coleman*, 629 F. App'x 163, 167 (3d Cir. 2015) (internal quotation marks omitted).

Reed and Emigh had personal knowledge of his grievances,[50] and based on Butler's description of the footage, it does not appear to me that it could establish such a fact. *In camera* review of the footage therefore would not alter the conclusion that Defendants are entitled to summary judgment as to the retaliatory cell search claim.

## V. CONCLUSION

For the foregoing reasons, I will *sua sponte* grant summary judgment to remaining Defendants Kauffman, Reed, and Emigh with respect to the sole remaining claim that those Defendants conducted a retaliatory search of Plaintiff Butler's cell.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[50] *See* Doc. 141 at 6-7.